| | |
|---|---|
| 1  Bruce L. Schroeder | The Honorable Wm. Fremming Nielsen |
| 2  Elizabeth R. Kennar | |
|    Summit Law Group PLLC | |
| 3  300 Westlake Union Center | FILED IN THE |
|    1505 Westlake Avenue North | U.S. DISTRICT COURT |
| 4  Seattle, WA 98109-3050 | Eastern District of Washington |
| 5  (206) 676-7000 | MAY 0 8 2002 |
| 6 | JAMES R. LARSEN, CLERK |
|   | ——————— DEPUTY |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | | |
|---|---|---|
| RANDAL BAKER, et al., | ) | Case No. 01 CY 3059-WFN |
| | ) | |
| Plaintiffs, | ) | **STIPULATION AND ORDER OF** |
| | ) | **DISMISSAL** |
| v. | ) | |
| | ) | |
| CITY OF YAKIMA, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION**

The parties to this action, by and through their attorneys of record, stipulate as follows:

1. That the parties have entered into the Settlement Agreement and Release attached as Exhibit A.

2. That the parties believe the settlement is reasonable and approximate the damages incurred by Plaintiffs; and

RECEIVED
MAY 08 2002
CLERK, U.S. DISTRICT COURT
SPOKANE, WA

ORIGINAL

STIPULATION AND ORDER OF DISMISSAL- 1

SUMMIT LAW GROUP
1505 WESTLAKE AVE N SUITE 300
SEATTLE, WA 98109
telephone (206)676-7000
fax (206) 676-7001

3. That the above-captioned action shall be dismissed with prejudice and without an award of costs or attorneys' fees to either party.

DATED this 6 day of May, 2002.    DATED this 3rd day of May, 2002.

SUMMIT LAW GROUP, PLLC              CLINE & ASSOCIATES

By _____          By _____
Bruce L. Schroeder, WSBA #13874     James M. Cline, WSBA #16244
Elizabeth R. Kennar, WSBA #25432    Attorney for Plaintiffs
Attorneys for Defendant

## ORDER

Based on the above Stipulation of the parties, and the records and files herein, IT IS HEREBY ORDERED that the above-captioned action is dismissed with prejudice and without an award of costs or attorneys' fees to either party.

DONE IN OPEN COURT this 8 day of MAY, 2002.

_____
The Honorable Wm. Fremming Nielsen

Presented by:                        Approved as to form; notice of
                                     presentation waived:

SUMMIT LAW GROUP, PLLC               CLINE & ASSOCIATES

By _____           By _____
Bruce L. Schroeder, WSBA #13874      James M. Cline, WSBA #16244
Elizabeth R. Kennar, WSBA #25432     Attorney for Plaintiffs
Attorneys for Defendant

STIPULATION AND ORDER OF DISMISSAL- 2

SUMMIT LAW GROUP
1505 WESTLAKE AVE N SUITE 300
SEATTLE, WA 98109
telephone (206)676-7000
fax (206) 676-7001

Case 2:01-cv-03059-WFN   Document 12   Filed 05/08/02

## SETTLEMENT AGREEMENT AND RELEASE

Randal Baker, Michael Blankenbaker, Frank R. Bowersox, Shawn M. Boyle, Timothy J. Cruz, Brian J. Dahl, Steve Davis, Joe DeJournette, Rick Forest, Reynaldo Garza, Elaine Gonzalez, Michael A. Gordon, Geoff Gronewald, Erik W. Hampton, Benjamin R. Hittle, Matthew J. Lee, Tarin C. Miller, Steve Morkert, Matt Myers, Anthony J. Patlan, Michael A. Nielsen, Eric D. Pierce, Jessie G. Rangel, Lori J. Sheeley, Perry Skipton and Esther Vasquez (collectively the "Plaintiffs") and the City of Yakima (the "City") enter into the following Settlement Agreement and Release ("Agreement"):

### I.     RECITALS

A.  Plaintiffs are present or former members of the City's Police Department. On or about July 9, 2001, Plaintiff's initiated a lawsuit in the United States District Court, Western District of Washington at Seattle, (denominated as Randal Baker, et al. v. City of Yakima, Cause No. NO. 01 CY 3059 (the "Action")). Plaintiffs alleged that the City did not properly calculate their regular rate of pay or compensate them for attending the 15 minute shift briefing, as required under the Fair Labor Standards Act. The City answered, denying all claims, and asserting an offset for the amounts it has paid to Plaintiffs that it was not required to pay under the statute.

B.  The parties now desire to settle all outstanding FLSA and wage claims.

### II.    AGREEMENTS

In consideration of the mutual covenants and promises contained herein, Plaintiffs and the City agree as follows:

A.  The City agrees to pay Plaintiffs a total of $21,472.13 as set forth in Exhibit A, less applicable withholdings, as a reasonable estimate of the damages incurred by Plaintiffs in connection with all of their claims ("Settlement Amount"). Payment shall be made to Plaintiffs in the next payroll period (May 6, 2002), on the condition that the Agreement and Stipulation and Order of Dismissal have been fully executed and received by the City.

B.  The City agrees to pay Plaintiffs a total of $43,527.87 as a reasonable estimate of the liquidated damages and attorneys fees incurred by Plaintiffs in connection with all of their claims ("Liquidated Damages and Attorneys Fees"). Payment shall be made to Cline and Associates on behalf of Plaintiffs, and shall be made within fourteen (14) days after the executed Agreement and Stipulation and Order of Dismissal are received by the City. Cline and Associates shall in turn pay Plaintiffs directly for their respective shares of the Liquidated Damages as set forth in Exhibit A.

C.  Plaintiffs and the City shall cause the Action to be dismissed with prejudice and without cost or fees to either party by executing the Stipulation and Order of

|   |   |
|---|---|
|   | Dismissal (a copy of which is attached as Exhibit B) at the time the Agreement is executed. The Stipulation and Order of Dismissal will be filed when payment is made as specified in paragraphs A and B. |
| D. | The method used to compensate Plaintiffs under this Agreement has been chosen by Plaintiffs, and the allocation of the Settlement Amount and Liquidated Damages was determined by Plaintiffs to be distributed as set forth in Exhibit A. Each Plaintiff agrees to defend and hold harmless the City from claims by any individual Plaintiff(s) challenging the method of allocation. |
| E. | The City shall provide Cline and Associates with a miscellaneous tax form reflecting payment of the Liquidated Damages and Attorneys Fees. Cline and Associates shall also provide the Plaintiffs with a miscellaneous tax form reflecting payment of the Liquidated Damages. Each Plaintiff assumes complete and sole responsibility for the payment of any and all contributions or taxes, whether federal, state, local, or otherwise, if any, on the Attorneys Fees and Liquidated Damages, and shall protect, defend, indemnify and hold harmless the City against any and all claims, lawsuits, damages, liabilities, suits, actions, judgments, costs, taxes, interests, penalties and expenses, including but not limited to, reasonable attorneys' fees and litigation expenses, resulting from the parties' agreement not to make contributions to Plaintiffs' pension or retirement plan(s), or withhold federal, state or local income taxes, or other withholdings from the Attorneys Fees and Liquidated Damages. |
| F. | Each Plaintiff hereby releases and forever discharges the City, its agents, officers, employees, associates, and representatives, and former agents, officers, employees, associates, and representatives, from any and all claims, demands, liabilities, and causes of action that were, or reasonably could have been referred to or encompassed in any of the pleadings, records, or other papers filed in U.S. District Court Cause No. 01 CY 3059. This release specifically covers all claims that were or could have been brought under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.*, the Washington Minimum Wage Act, RCW 49.48 *et. seq.*, RCW 49.52 *et. seq.*, and the collective bargaining agreement relating to their claim that the City did not properly calculate their regular rate of pay or compensate them for attending the 15-minute shift briefing. This release is intended to fully and finally resolve any disputes between the parties relating to matters at issue in U.S. District Court Cause No. 01 CY 3059. |
| G. | Neither this Agreement, nor the payment made hereunder to Plaintiffs, shall in any way be construed as an admission by the City that it has acted wrongfully with respect to Plaintiffs (collectively or individually) or any other person. |
| H. | Except for this Action, Plaintiffs represent that they have no pending complaints, charges, or other lawsuits or claims against the City with any governmental agency or any court, and that they will not file any at any time hereafter, which relate to any of the matters covered by the releases in Paragraphs E and F above. |

I. The settlement payment described above constitutes the sole compensation to Plaintiffs, and thus includes any and all costs and attorneys' fees, which Plaintiffs might otherwise seek from the City for these claims.

J. Each Plaintiff warrants that he or she has entered into this Agreement knowingly and voluntarily, and that each Plaintiff has had adequate time to review the contents of this Agreement. Each Plaintiff has reviewed this Agreement, and has consulted with his or her attorney concerning the terms and conditions of this Agreement, including without limitation the release set forth in this Agreement, and fully understands the contents of the Agreement. The parties agree that the common law principles of construing ambiguities against the drafter shall have no application to this Agreement.

K. If any provision of this Agreement is determined to be invalid or unenforceable, all of the other provisions shall remain valid and enforceable notwithstanding, unless the provision found to be unenforceable is of such material effect that this Agreement cannot be performed in accordance with the intent of the parties in the absence thereof.

L. This Agreement is intended to be a full and final resolution of this matter and sets forth the entire agreement between the parties. Interpretation of this Agreement shall be under Washington law. Should it become necessary to enforce the terms of this Agreement, the parties agree that any such action shall be brought in the state of Washington. In any such action, the substantially prevailing party shall be entitled to receive reasonable attorneys' fees and costs.

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_Randal C. Baker_      4-19-02
RANDAL BAKER      DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_Michael Blankenbaker_      4-23-2002
MICHAEL BLANKENBAKER      DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4/19/2002
FRANK R. BOWERSOX                   DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4-24-02
SHAWN M. BOYLE                      DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4 27 02
TIMOTHY J. CRUZ                     DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4-22-02
BRIAN J. DAHL                       DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4-22-02
STEVE DAVIS                         DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____    4-22-02
JOE DeJOURNETTE                     DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

4

_____  _____
RICK FOREST                 DATE 4-22-02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  _____
REYNALDO GARZA              DATE 4-24-02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  _____
ELAINE GONZALEZ             DATE 4-19-02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  _____
MICHAEL A. GORDON           DATE 04-22-02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  _____
GEOFF GRONEWALD             DATE 4/22/02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  _____
ERIK W. HAMPTON             DATE 4/19/02

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

5

_____  4-19-02
BENJAMIN R. HITTLE          DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  04-22-02
MATTHEW J. LEE              DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  4/19/02
TARIN C. MILLER             DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  4-23-02
STEVE MORKERT               DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  4-22-02
MATT MYERS                  DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____  04-19-2002
ANTHONY J. PATLAN           DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   4-19-2002
MICHAEL A. NIELSEN                   DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   4-26-02
ERIC D. PIERCE                       DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   04-22-02
JESSIE G. RANGEL                     DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   4-24-02
LORI J. SHEELEY                      DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   4-23-02
PERRY SKIPTON                        DATE

I have read, understand, and concur with the terms of this Settlement Agreement and Release.

_____   4-23-02
ESTHER VASQUEZ                       DATE

7

CLINE & ASSOCIATES

By _[signature]_      5/3/02
JAMES M. CLINE, WSBA #10607    DATE
Attorneys for Plaintiffs

CITY OF YAKIMA

By _[signature]_      4/29/02
Its  CITY MANAGER    DATE
R. A. Zais, Jr.

SUMMIT LAW GROUP, PLLC

By _[signature]_      5-2-02
BRUCE L. SCHROEDER, WSBA #13874    DATE
Attorneys for City of Yakima

8

# **EXHIBIT A**

| Name | Damages | Liquidated Damages |
|---|---|---|
| M. Myers | 730.45 | 730.45 |
| J. DeJournette | 960.10 | 960.10 |
| M. Lee | 1,210.64 | 1,210.64 |
| B. Hittle | 471.14 | 471.14 |
| B. Dahl | 669.75 | 660.75 |
| T. Patlan | 57.82 | 57.82 |
| S. Davis | 551.82 | 551.82 |
| R. Garza | 592.37 | 592.37 |
| E. Vasquez | 632.68 | 632.68 |
| R. Forest | 693.76 | 693.76 |
| L. Sheeley | 726.25 | 726.25 |
| T. Cruz | 1,314.31 | 1,314.31 |
| T. Blankenship | 646.27 | 646.27 |
| E. Hampton | 436.78 | 436.78 |
| P. Skipton | 784.07 | 784.07 |
| E. Pierce | 995.07 | 995.07 |
| S. Gylling | 1,202.96 | 1,202.96 |
| M. Gordon | 1,433.64 | 1,433.64 |
| S. Boyle | 867.96 | 867.96 |
| T. Miller | 802.97 | 802.97 |
| S. Morkert | 1,161.68 | 1,161.68 |

| Name | Damages | Liquidated Damages |
|---|---|---|
| G. Gronewald | 758.30 | 758.30 |
| F. Bowersox | 753.16 | 753.16 |
| E. Gonzalez | 1,284.90 | 1,284.90 |
| R. Baker | 860.73 | 860.73 |
| J. Rangel | 339.81 | 339.81 |
| M. Nielsen | 532.81 | 532.81 |
| **TOTAL** | **21,472.13** | **21,472.13** |